REID, Judge.
This matter is before the Court on application of Jack Sabel for writs of certiorari and review by account of the refusal of the District Judge to consider a deposition of Jack Sabel taken in the Republic of Mexico which was filed in support of Sabel’s motion for a summary judgment.
Briefly the background of this matter is as follows:
Dr. Willard A. Ellender and others filed a suit against Jack Sabel Et Al No. 22059 on the docket of the 17th Judicial District Court for the Parish of Terrebonne, State of Louisiana. Plaintiffs claiming to be the owners of the Terrebonne Ice Company, owners of the real estate and improvements in Houma, Louisiana sought damages for the loss occurring to their property resulting from a fire taking place therein on June 30, 1961.
The suit was directed against Sabel and Rubenstein & Sons, Inc. hereinafter called Rubenstein.
Sabel at the time of the fire and at the time the suit was filed was a resident of the City of Carmen, Republic of Mexico. *85 Rubenstein filed a third party petition against Sabel which was served on him while he was in New Orleans on December 29, 1965.
On May 27, 1966 relator Sabel filed a motion for a summary judgment and attached thereto his deposition taken by his co-defendant and third party plaintiff Ruben-stein on September 19, 1962 in Mexico City, Republic of Mexico.
The motion for summary judgment was duly argued in the Lower Court and the presiding Judge denied the motion on the basis that relator Sabel, the mover, could not file in support of his motion deposition taken by Rubenstein in Mexico City for the reason that the deposition was taken outside the continental limits of the Unitpd States, .and was not admissible in these proceedings. 'On October 5, 1966 a formal judgment was ■rendered denying the motion for summary judgment, on the grounds of the inadmission as evidence of the deposition taken in Mexico.
Sabel filed this application for writs of certiorari and review asking that the Judge of the 17th Judicial District Court be ordered to send a certified copy of the proceedings in the matter “Dr. Willard A. Ellender Et A3 vs. Jack Sabel Et Al No. 22059” on the docket of said Court, and enjoining the said Lower Court Judge from proceeding further in said cause until a judgment could be pronounced on the validity of the proceedings. He further sought peremptory writs of mandamus commanding the said Judge to grant petitioners’ motion for summary judgment, and the validity of the depositions filed in connection therewith or to remand the entire matter to be reheard in connection with the deposition and to review the judgment of October 5, 1966, rendered in these proceedings and that all proceedings against the relator be stayed and suspended.
This Court on October 24, 1966 issued an . alternate writ of mandamus commanding -the Judge of the Lower Court to consider the deposition of Sabel taken in Mexico in ruling on the motion for summary judgment, or in the alternative that the said Judge and respondent, plaintiffs herein, show cause by Briefs on or before November 23, 1966 why this writ should not be made mandatory.
Respondents through their attorney filed a Brief in support of their contention that the judgment was correct, and the deposition was inadmissible, and Rubenstein and Sabel filed Briefs in support of their contention.
All the proceedings incidental to applying for writs have been taken and are in order and the only issue before the Court is whether the deposition taken on September 19, 1962 in Mexico is admissible in support of the motion for summary judgment, and for other use in this proceedings.
The record discloses that a notice to fake the deposition of Jack Sabel was issued on July 27, 1962 addressed to plaintiffs, Dr. Willard A. Ellender, S. Ernest Ellender, and Allen J. Ellender Jr., through their counsel and Jack Siracusa, Ray Field, Hosea Clark and Raymond Poole, by the attorneys for the defendant Rubenstein and Sons, Inc. Personal service was made on I-Iosea Clark, Raymond Poole, John Siracu-sa and Ray Field and service was accepted by Frank W. Wurglow, Jr., one of the attorneys representing the plaintiffs.
The deposition was taken before Martha C. Freutschi, Vice Consul of the United States of America at Mexico D.F. Mexico on September 20, 1962. Rubenstein’s counsel were present together with a Mexican attorney. The other parties did not appear at the taking of the deposition.
The provisions for taking depositions outside of Louisiana is provided by LSA-C.C.P. Article 1431 which is as follows:
“If the witness whose deposition is to be taken resides out of this state, the law *86 of the place where the deposition is to be taken shall govern the compulsory process to require the appearance and testimony of witnesses, but otherwise the provisions of this Chapter shall be applicable to such a deposition.”
The Trial Judge interpreted this Article to mean that it did not provide for taking depositions of witnesses in foreign countries for use in this State. He strengthens his opinion by the fact that the 1966 Legislature amended this Article to provide for the taking of depositions of witnesses “found in another state, territory, district or foreign jurisdiction * * * ”
In this ruling we believe our Brother of the Lower Court committed error. While it is true that LSA-C.C.P. Art. 1431 does not specifically refer to depositions in a foreign country it does not exclude such depositions. This Article merely provides “If the witness whose depositions is to be taken resides out of this state." We believe this means that anybody residing out of the State of Louisiana, whether in another state, another territory or another country would be governed by this provision.
The fact that Acts 36 and 37 of 1966 amending LSA-C.C.P. 1431 and LSA 13:-3823 by including the words “foreign corporations” does not mean that foreign depositions were not permissible before the passage of these Acts. We feel that this was merely clarifying the rights that had already existed, and that parties had the right to take depositions in foreign countries prior to the passage of this Act.
For these reasons we order that the writ be made peremptory and that the deposition of Jack Sabel taken in Mexico be decreed admissible and the Trial Judge consider same in passing upon these motions for summary judgment. It is further ordered that the judgment refusing the motion, or denying the motion for summary judgment be overruled and reversed and the matter remanded to the Lower Court for trial on the motion for summary judgment consistent with the views herein above set forth.
Writ made peremptory and matter remanded to the District Court.